**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 11-cv-3410-WJM-KMT

TRENSON L. BYRD,

       Plaintiff,

v.

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, and
BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

       Defendants.

**STIPULATED PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. This Protective Order "requires that a lawyer designate information as confidential only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection." *Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2006).

4. Information designated "CONFIDENTIAL" shall be information that implicates the personal or business-related privacy interests of Plaintiff, Defendants, or others and/or information contained in Plaintiff's, Defendants', or others' confidential and proprietary or personal business records, documents, materials, and communications, including, but not limited to, financial information, medical records, and tax returns. CONFIDENTIAL information shall not be disclosed or used for any purpose except this litigation, including the preparation and trial of this case.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

    (a) attorneys who are actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings;

    (c) officers and directors of the parties actively involved in decision making for the present litigation, or, in the case of an individual party, that individual;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings;

    (e) the Court in this case and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case;

    (g) deponents and witnesses identified in the F.R.C.P. 26 disclosures in this case, including any supplemental disclosures;

    (h) any person who authored the information in whole or in part;

    (i) any person who properly received the information before this case was filed; and

    (j) other persons by written agreement of the parties.

  6. Prior to disclosing any CONFIDENTIAL Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the term "CONFIDENTIAL,"

or by designating them as "CONFIDENTIAL" in correspondence from counsel to the party producing documents.

8. Documents designated as CONFIDENTIAL should be filed in accordance with the procedures for "Sealed Document Filing in Public Cases" as set forth in the United States District Court – District of Colorado Electronic Case Filing Procedures (Civil Cases), Version 4.0 (effective December 1, 2010) at ECF Rule 6.1(B), and should be filed in accordance with D.C.COLO.LCivR. 7.2.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate all or any portion of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

10. A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party objecting to designation of the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under

the terms of this Protective Order until the Court rules on the motion.  If the party objecting to designation fails to file such a motion within the prescribed time, the disputed information shall be deemed CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party asserting the designation of the information as CONFIDENTIAL shall bear the burden of establishing that the disputed information should be treated as CONFIDENTIAL.

11.     This Protective Order does not prohibit a party from disclosing discovery materials independently obtained from non-confidential sources or sources that do not designate the information as CONFIDENTIAL (unless such sources owe an obligation of confidentiality to the party asserting that the discovery materials are confidential).

12.     Neither this Protective Order nor a party's designation of particular discovery materials as CONFIDENTIAL shall be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any discovery materials covered by this Protective Order.

13.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL, shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents.  Where the parties

agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 23rd day of March 2012.

SO ORDERED:

_____
Magistrate Judge Kathleen M. Tafoya

Respectfully submitted,

| MASTIN HOFFMAN & CREWS LLC | HOLLAND & HART LLP |
|---|---|
| s/S. Kato Crews | s/Rachel A. Yates |
| _____ | _____ |
| S. Kato Crews | Rachel A. Yates |
| Mastin Hoffman & Crews LLC | Holland & Hart LLP |
| 7000 E. Belleview Ave., Suite 320 | 6380 S. Fiddler's Green Circle, Suite 500 |
| Greenwood Village, Colorado 80111 | Greenwood Village, CO 80111 |
| 303.217.4876 | 303.290.1087 |
| Attorneys for Plaintiff | Attorneys for Defendants |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of March, 2012, I filed the foregoing **STIPULATED PROTECTIVE ORDER** via the CM/ECF electronic filing system, which will send notification of such filing to the following:

Rachel Yates
6380 South Fiddler's Green Cir., Suite 500
Greenwood Village, CO 80111
(303) 290-1617
RYates@hollandhart.com

                                              *s/ Kerrie Wilson*